UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-80191-Cr-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

TIMOTHY WAYNE BECKETT,

        Defendants.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS INDICTMENT (DE 12), MOTION TO SUPPRESS EVIDENCE (DE 13), AND MOTION TO SUPPRESS PHYSICAL EVIDENCE FROM SEARCH WARRANT (DE 14)**

THIS CAUSE is before the Court on an order of reference from Senior United States District Court Judge Kenneth L. Ryskamp for disposition of all pretrial motions. (DE 8). Before the Court is Defendant's Motion to Dismiss Indictment (DE 12), filed January 21, 2008; Defendant's Motion to Suppress (Provider) Evidence (DE 13), filed January 21, 2008; and Defendant's Motion to Suppress Evidence From (Computer) Search Warrant (DE 14), also filed on January 21, 2008. The Government filed its written responses (DEs 26, 22, and 25), and this Court held an evidentiary hearing on Defendant's motions on February 11, 2008. Palm Beach Sheriff's Office Detective Cass Collins testified at the hearing and the Government

introduced 11 exhibits (GXs). The defendant indicated that the Government had responded to its Motion to Dismiss Indictment (DE 12) by providing particulars requested, so that the motion was now moot. Accordingly this Court RECOMMENDS to the District Court that the Defendant's Motion to Dismiss Indictment (DE 12) be DENIED as moot. The other motions will be addressed below.

Findings of Fact

On July 12, 2007, Palm Beach Sheriff's Office Detective Cass Collins received a cybertip that a Palm Beach County child victim, identified at the hearing as "J.H.," was being sexually solicited by an adult through the use of a computer over the internet. The information included the victim's name and the screen name of the subject.

Boynton Beach Detective Athol also received the information, as well as information about a second child victim, identified at the hearing as "C.L.," who appeared to have been solicited by the same subject.

The subject contacted the victims via the internet on MySpace representing himself to be a 17 year old girl looking to engage in sex with the victims. The subject sent a picture of a nude girl to the victims and solicited nude pictures from the victims in response. The subject also obtained the victims' addresses and phone numbers. Then the subject revealed that "she" was in fact a male seeking to

engage in oral sex with the victim.  The subject threatened the victim with exposure by publishing their nude photos if they did not comply.

Detective Collins testified that it takes at least 3 days to get a subpoena issued to a service provider by the State Attorney's Office under these circumstances.  Because she believed that these or other victims were in imminent danger, on July 12, 2007, she and Detective Athol sent "exigent circumstance" letters to MySpace, AOL, and Comcast to get subscriber information, notably the subject's address, for the internet account used by the subject.  Initially the detectives thought that the son of the owner of that address, who has a criminal history, might be the subject.  After the subject called child victim C.L. on July 13, 2007, the detectives sent "exigent circumstance" letters to AT&T (Bell South), and T-mobile, citing the "extremely lengthy and dangerous criminal history" of the son of the owner.  The defendant, TIMOTHY WAYNE BECKETT, was the owner of the cell phone from which the July 13, 2007, phone call to child victim C.L. was made.

The terms and conditions of the internet and phone providers had clauses prohibiting child pornography, stalking and harassment, and reserving the right to investigate, take legal action, and cooperate with law enforcement.

On July 17, 2007, the detectives obtained a state search warrant for the

defendant's address, allowing the search for and seizure of computers, data storage devices, and records or data produced in various forms, such property constituting evidence of Computer Crimes, Transmission of Pornography by Electronic Device, Transmission of Material Harmful to Minors by Electronic Device, Threats and Extortion, and Prohibition of Sale or Other Distribution of Harmful Materials to Persons under 18 years of age. (GX 11).  The affidavit of Detectives Collins and Athol, which was incorporated by reference in the search warrant, went through the forensic computer examination process utilized during a computer search, including searching through all the files on the computer. (GX 11).

On July 18, 2007, Detective Collins executed the search warrant at the residence where the defendant was online chatting with Detective Collins, who was using a cell phone to access the internet and pose as child victim C.L.  The defendant confessed to the scheme and to having child pornography on his computer.  An initial examination of the defendant's computer revealed over 300 communications with additional victims.

<u>Defendant's Motion to Suppress (Provider) Evidence (DE 13)</u>

The defendant moves to suppress the evidence received from the Government's "exigent circumstance" letters to MySpace, AOL, Comcast, AT&T

(Bell South), and T-mobile, as being in violation of the Electronic Communications Privacy Act (ECPA), 18 U.S.C. Sections 2702 and 2703. (DE 13). The defendant contends that according to those statutes law enforcement needs a search warrant, court order or subpoena to obtain customer information, unless there are emergency circumstances where immediate danger of death or serious physical injury exists. (DE 13). 18 U.S.C. Section 2703(c) provides that:

> (1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications) only when the governmental entity--
> (A) obtains a warrant issued using the procedures described in the Federal Rules of Criminal Procedure by a court with jurisdiction over the offense under investigation or equivalent State warrant;
> (B) obtains a court order for such disclosure under subsection (d) of this section;
> (C) has the consent of the subscriber or customer to such disclosure;
> (D) submits a formal written request relevant to a law enforcement investigation concerning telemarketing fraud for the name, address, and place of business of a subscriber or customer of such provider, which subscriber or customer is engaged in telemarketing (as such term is defined in section 2325 of this title); or
> (E) seeks information under paragraph (2).
> (2) A provider of electronic communication service or remote computing service shall disclose to a governmental entity the--
> (A) name;
> (B) address;
> (C) local and long distance telephone connection records, or records of session times and durations;
> (D) length of service (including start date) and types of service utilized;

> (E) telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address; and
> (F) means and source of payment for such service (including any credit card or bank account number),
> of a subscriber to or customer of such service when the governmental entity uses an administrative subpoena authorized by a Federal or State statute or a Federal or State grand jury or trial subpoena or any means available under paragraph (1).

18 U.S.C. Section 2702 provides that:

> A provider ... may divulge the contents of a communication– ...
> (8) to a governmental entity, if the provider, in good faith, believes that an emergency involving danger of death or serious physical injury to any person requires disclosure without delay of communications relating to the emergency.

18 U.S.C. Section 2708 provides that:

> The remedies and sanctions described in this chapter are the only judicial remedies and sanctions for nonconstitutional violations of this chapter.

Each of the service providers had terms and conditions permitting them to turn over information in limited circumstances. Courts have uniformly held that where service providers have an agreement to share information under circumstances similar to those in our case (for investigation, to cooperate with law enforcement, and to take legal action), there is no objectively reasonable expectation of privacy and therefore no Fourth Amendment protection for subscriber information. *See Freedman v. America Online, Inc.*, 412 F.Supp.2d

174, 183 (D. Conn. 2005)(no immediate danger of death or physical injury required where voluntary sharing of information permitted); *United States v. Sherr*, 400 F.Supp.2d 843, 848 (D. Md. 2005)(citing cases).

Moreover, the remedy for a violation of the ECPA is a civil action for damages, not suppression. *Id.;* 18 U.S.C. Section 2708.

Accordingly this Court RECOMMENDS to the District Court that the Defendant's Motion to Suppress (Provider) Evidence (DE 13) be DENIED.

<u>Defendant's Motion to Suppress Evidence</u>
<u>From (Computer) Search Warrant (DE 14)</u>

The Defendant contends that the search warrant in this case only permitted law enforcement to seize the Defendant's computers, not to search the files inside the computer.  (DE 14).

To satisfy the Fourth Amendment particularity requirement, the warrant must " 'be sufficiently definite so that the officer executing it can identify the property sought with reasonable certainty.' " See, e.g., 2 Wayne R. LaFave, Search and Seizure-A Treatise on the Fourth Amendment § 4.6(a), at 235 (2d ed. 1987) (citation omitted). In identifying the property to be seized, the agents are "required to interpret the warrant," but are "not obliged to interpret it narrowly." *United States v. Stiver*, 9 F.3d 298, 302-03 (3d Cir.1993), cert. denied, 510 U.S. 1136, 114

S.Ct. 1115, 127 L.Ed.2d 425 (1994). In *Stiver*, the search warrant authorized seizure of, among other things, "all drug paraphernalia." While executing the warrant, the officers answered the defendant's telephone and took orders from his customers for illegal drugs. The court held that the officers did not exceed their authority under the warrant by answering the telephone. The court explained that the officers were " 'required to interpret' " the portion of the warrant authorizing seizure of "all drug paraphernalia," and were " 'not obliged to interpret it narrowly.' " *Stiver*, 9 F.3d at 302-03 (citing *United States v. Lucas*, 932 F.2d 1210, 1215-16 (8th Cir.), cert. denied, 502 U.S. 949, 112 S.Ct. 399, 116 L.Ed.2d 348 (1991)).

Stated differently, the particularity requirement requires the search warrant to describe the property to be seized with reasonable specificity, but not with elaborate detail. *See e.g., United States v. Somers*, 950 F.2d 1279, 1285 (7th Cir.1991), cert. denied, 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992).

Agents are entitled to seize documents if the warrant lists functionally equivalent documents. *United States v. Hill,* 19 F.3d 984, 989 (5th Cir. 1994)(check stubs were within the scope of the warrant authorizing seizure of a cash disbursement journal).

Where a search warrant authorizes seizure of evidence of enumerated

crimes, even though the evidence was not otherwise described in the warrant the evidence was properly seized.  *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976).

Similar evidence not specified in the warrant can still be seized if it had a sufficient nexus to the crime being investigated.  *United States v. Davis*, 589 F.2d 904, 906 (5th Cir.), cert. denied, 441 U.S. 950, 99 S.Ct. 2178, 60 L.Ed.2d 1055 (1979)(seizure of a scrap of newspaper that matched newspaper pieces found at the bomb site approved where the search warrant did not authorize the seizure of newspapers but did specify pieces of other materials found in the vicinity of the explosion).

The seizure of a specific item characteristic of a generic class of items defined in the warrant did not constitute an impermissible general search.  *United States v. Reyes*, 798 F.2d 380, 382-83 (10th Cir. 1986).  In *Reyes*, agents did not exceed the scope of the warrant in seizing a cassette tape containing discussions concerning the sale and purchase of drugs where the search warrant authorized the seizure of "drug trafficking records, ledgers, or writings identifying cocaine customers, sources, [etc.]."  *Id.*  The court found that the agents did not search beyond their authority stating that "in the age of modern technology and commercial availability of various forms of items, the warrant could not be

expected to describe with exactitude the precise form the records would take." *Id.* at 383. The court agreed with the trial court's conclusion that "in modern times because 'business records are increasingly being kept on audio or video tape ... the law enforcement officers knew that the records they were seeking might well be contained on [the] tape.' " *Id.* at 382-83.

Similarly, the search of unspecified computer files where their functional equivalent was described in the warrant has been approved. *See United States v. Musson*, 650 F.Supp. 525, 532 (D. Colo. 1986)(agents did not exceed the scope of their authority in seizing computer disks not described in the warrant).

In the instant case, the warrant called for the search for and seizure of computers, data storage devices, and records or data produced in various forms, such property constituting evidence of enumerated computer crimes. (GX 11). Where a search warrant authorizes seizure of evidence of enumerated crimes, even though the evidence was not otherwise described in the warrant the evidence was properly seized. *Andresen v. Maryland*, 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976).

In the instant case, the challenged evidence was otherwise described in the warrant. The agents' affidavit, which was incorporated by reference in the search warrant, went through the forensic computer examination process utilized during a

10

computer search, including searching through all the files on the computer. (GX 11).  Agents are not obliged to interpret warrants as narrowly as the Defendant asserts.  *Stiver*, 9 F.3d at 302-03.  Any lack of precision in the warrant's description of the computer search does not mean that the warrant was defective.  *Reyes*, 798 F.2d at 382-83.  The search of the computer files was functionally described in the warrant and should be approved.  *Musson*, 650 F.Supp. at 532.

Accordingly this Court RECOMMENDS to the District Court that the Defendant's Motion to Suppress Evidence From (Computer) Search Warrant (DE 14) be DENIED.

Any of the foregoing conclusions of law which may represent findings of fact are adopted as findings of fact.

## RECOMMENDATIONS

For the reasons stated above, this Court RECOMMENDS to the District Court that the Defendant's Defendant's Motion to Dismiss Indictment (DE 12), Motion to Suppress (Provider) Evidence (DE 13), and Motion to Suppress Evidence From (Computer) Search Warrant (DE 14) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Senior United States District Judge Kenneth L. Ryskamp, within ten (10) days after being served with a copy.  *See* 28 U.S.C. §

636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See *United States v. Warren*, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 19 day of February, 2008.

*James M. Hopkins*
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:

Senior United States District Court Judge Kenneth L. Ryskamp
Counsel of Record